968 F.2d 1227
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eugene G. PAPPERT, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3074.
 United States Court of Appeals, Federal Circuit.
 May 12, 1992.
 
 Before MAYER, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eugene G. Pappert appeals the initial decision of the Administrative Judge (AJ) which became final on September 27, 1991, upon denial of review by the Merit Systems Protection Board. The AJ upheld a reconsideration decision of the Office of Personnel Management (OPM) which determined that petitioner was not entitled to service credit under the Civil Service Retirement Act (CSRA) for alleged service in December 1956 and January 1958. Pappert v. Office of Personnel Management, No. PH08319110388 (MSPB June 5, 1991). Because the AJ's decision is supported by substantial evidence and is otherwise free from reversible error, we affirm.
 
 DISCUSSION
 
 2
 The AJ's decision in this case must be sustained unless it is:
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 (2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence....
 
 
 6
 5 U.S.C. § 7703(c) (1988). See Cheeseman v. OPM, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). The agency's decision can be overturned if petitioner can establish that it is not supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Bradley v. Veterans Admin., 900 F.2d 233, 234 (Fed.Cir.1990) (quoting Consolidated Edison Co. v. Labor Board, 305 U.S. 197, 229 (1938)).
 
 
 7
 The AJ's findings, that petitioner is not entitled to service credit for the periods December 1956 and January 1958, are adequately supported by relevant evidence. Neither the Postal Service nor the National Personnel Records Center was able to find any evidence that the petitioner worked for the Postal Service either in December 1956 or in January 1958.
 
 
 8
 Secondary evidence bearing on an individual's service is admissible, however, when personnel records are incomplete. Untalan v. Office of Personnel Management, 30 M.S.P.R. 297, 300 (1986). The AJ considered the secondary evidence petitioner submitted which consisted of a pay stub and the testimony of his alleged "substitute" supervisor, Mr. George J. Fries. Neither of these pieces of evidence, however, negates the conclusion reached by the AJ or was adequate to show entitlement to service credit. The pay stub only showed that petitioner worked in December 1957, a time period not at issue in this appeal. Indeed, the government does not contest that petitioner worked a total of 55 hours for the Postal Service in December 1957.
 
 
 9
 Likewise, the testimony of Mr. Fries did no more than indicate that petitioner worked for him after Christmas 1957. Although this testimony could suggest that petitioner worked for Mr. Fries in January 1958 as contended, it is also consistent with, and could refer to no more than part of, petitioner's uncontroverted 55 hours of service during December 1957. Thus, even if we were to "accept the testimony of Mr. Fries" as petitioner urges, Mr. Fries' testimony does not necessarily cast doubt on the AJ's conclusion.
 
 
 10
 Moreover, as additional support for its findings that petitioner did not work during the periods at issue, the AJ noted petitioner was not worthy of belief because his "representations are inconsistent." Slip op. at 4. In his informal brief, petitioner challenges this finding by attempting to explain why he is credible. However, the AJ's creditability determinations are virtually unreviewable and ordinarily must stand. Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Nothing shown by petitioner requires acceptance of his representations.
 
 
 11
 Because the AJ's decision is supported by substantial evidence, it must be affirmed.